KC SMASH 01, LLC, Appellant,

v.

GERDES, HENDRICHSON, LTD., L.L.P., Appellee.

No. 05–11–00792–CV.

Court of Appeals of Texas, Dallas.

Jan. 31, 2012.

Pascal Paul Piazza, Brian Cano, Zukowski, Bresenhan & Sinex, L.L.P., Houston, TX, for Appellant.

David L. Ovard, Jadd F. Masso, Strassburger & Price, LLP, Dallas, TX, for Appellee.

Before Justices MOSELEY, FITZGERALD, and MYERS

## OPINION

Opinion By Justice MYERS

KC Smash 01, LLC brings this interlocutory appeal of the denial of its special appearance in this suit brought by Gerdes, Hendrichson, Ltd., LLP. Appellant brings two issues asserting the trial court erred by denying its special appearance and by refusing to hold a hearing on appellant's special appearance. We conclude appellant is not subject to personal jurisdiction. We reverse the trial court's order and render judgment dismissing the cause for want of jurisdiction.

## BACKGROUND

Appellant is a Smashburger restaurant franchisee owning Smashburger restaurants in Kansas. Appellant's place of business is in Kansas, and appellant does not conduct business in Texas or own property in Texas. At the recommendation of its franchisor, appellant hired appellee, an architectural firm based in Dallas, Texas, to provide architectural services for appellant's restaurants in Kansas. The parties' contract was oral, and the parties communicated by telephone and email. No employee of appellant ever traveled to Texas on business for appellant. Appellee's employees performed the majority of their work in Texas, and they traveled to Kansas to inspect the construction of the restaurants and to advise appellant. Appel-

lant paid appellee by sending payments to appellee's office in Dallas.

When appellant failed to pay the amount billed by appellee, appellee brought suit in Dallas County for breach of contract, fraud, theft of services, fraudulent and negligent misrepresentation, unjust enrichment, sworn account, and quantum meruit. Appellant filed a special appearance that the trial court denied.

## SPECIAL APPEARANCE

In its first issue, appellant contends the trial court erred in denying appellant's special appearance.

### Standard of Review

 Whether a trial court has personal jurisdiction over a nonresident defendant is a question of law. *Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 790–91 (Tex.2005); *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex.2002). Because the trial court's exercise of personal jurisdiction over a nonresident defendant is one of law, an appellate court reviews the trial court's determination of a special appearance de novo. *Moki Mac River Expeditions v. Drugg,* 221 S.W.3d 569, 574 (Tex.2007); *BMC Software,* 83 S.W.3d at 794. However, the trial court must frequently resolve fact questions before deciding the jurisdictional question. *BMC Software,* 83 S.W.3d at 794; *Capital Tech. Info. Servs., Inc. v. Arias & Arias, Consultores,* 270 S.W.3d 741, 748 (Tex.App.-Dallas 2008, pet. denied) (en banc).

 The plaintiff bears the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the Texas long-arm statute. *Moki Mac,* 221 S.W.3d at 574; *BMC Software,* 83 S.W.3d at 793. The nonresident defendant then has the burden of negating all bases of jurisdiction alleged in the

plaintiff's petition. *Moki Mac,* 221 S.W.3d at 574; *BMC Software,* 83 S.W.3d at 793.

### Personal Jurisdiction

The Texas long-arm statute permits Texas courts to exercise jurisdiction over nonresident defendants that do business in Texas. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 17.041–.045 (Vernon 2008); *PHC–Minden, L.P. v. Kimberly–Clark Corp.,* 235 S.W.3d 163, 166 (Tex.2007); *BMC Software,* 83 S.W.3d at 795. Under the statute, a nonresident does business in Texas if he: (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state; (2) commits a tort in whole or in part in this state; or (3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state. TEX. CIV. PRAC. & REM.CODE ANN. § 17.042. The broad language of section 17.042 extends Texas courts' personal jurisdiction "as far as the federal constitutional requirements of due process will permit." *PHC–Minden,* 235 S.W.3d at 166 (quoting *U–Anchor Adver., Inc. v. Burt,* 553 S.W.2d 760, 762 (Tex.1977)).

 The Due Process Clause of the Fourteenth Amendment operates to limit the power of a state to assert personal jurisdiction over a nonresident defendant. *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano County,* 480 U.S. 102, 108, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 413–14, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471–72,

105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Under the Due Process Clause, personal jurisdiction over a nonresident defendant is constitutional when the nonresident defendant has established minimum contacts with the forum state and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Burger King*, 471 U.S. at 476, 105 S.Ct. 2174; *Int'l Shoe*, 326 U.S. at 320, 66 S.Ct. 154.

A defendant's contacts with a forum may give rise to either general or specific jurisdiction. In its brief, appellee states that for purposes of this appeal, its argument that the courts have jurisdiction over appellant is based on specific jurisdiction, not general jurisdiction.

■ Specific jurisdiction may exist over a nonresident defendant in a lawsuit that arises out of or is related to the nonresident defendant's contacts with the forum state. *Capital Tech.*, 270 S.W.3d at 749 (citing *Moki Mac*, 221 S.W.3d at 576). When specific jurisdiction is asserted, the minimum-contacts analysis focuses on the relationship between the nonresident defendant, the forum state, and the litigation. *Moki Mac*, 221 S.W.3d at 575–76. For a court to exercise specific jurisdiction over a nonresident defendant, two requirements must be met: (1) the nonresident defendant's contacts with the forum state must be purposeful; and (2) the cause of action must arise from or relate to those contacts. *See Burger King*, 471 U.S. at 474–75, 105 S.Ct. 2174; *World–Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. 559; *Moki Mac*, 221 S.W.3d at 576.

■ Purposeful availment is the touchstone of the jurisdictional due process analysis. *Asahi*, 480 U.S. at 108–09, 107 S.Ct. 1026; *Burger King*, 471 U.S. at 474, 105 S.Ct. 2174; *Capital Tech.*, 270 S.W.3d at 750. A nonresident defendant's activities must be purposefully directed toward the forum state so that the nonresident defendant could foresee being haled into court there. *See Burger King*, 471 U.S. at 474, 105 S.Ct. 2174; *World–Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. 559. There are three parts to a purposeful availment inquiry: (1) only the nonresident defendant's contacts with the forum are relevant, not the unilateral activity of another party or a third person; (2) the contacts relied on must be purposeful rather than random, fortuitous, or attenuated; and (3) the nonresident defendant must seek some benefit, advantage, or profit by availing itself of the jurisdiction. *Moki Mac*, 221 S.W.3d at 575; *Capital Tech.*, 270 S.W.3d at 750.

In addition to minimum contacts, the exercise of personal jurisdiction over a nonresident defendant must comport with traditional notions of fair play and substantial justice. *See Asahi*, 480 U.S. at 113, 107 S.Ct. 1026; *Burger King*, 471 U.S. at 476, 105 S.Ct. 2174; *BMC Software*, 83 S.W.3d at 795.

### Jurisdictional Facts

Appellee pleaded the following facts in support of the trial court's exercise of jurisdiction over appellant:

- Appellant knew that appellee's sole place of business was in Texas;

- appellant intentionally sought out appellee in Texas;

- appellant hired appellee to provide architectural services in and from appellee's office in Texas;

- appellant entered into its contract with appellee through telephone calls and email to appellee in Texas;

- appellant communicated with appellee in Texas through email and telephone;
- appellant knew that the vast majority of appellee's work would be performed in its Texas office;
- appellant intentionally made payments and incurred debts payable to appellee at its Texas office; and
- appellant made fraudulent and misleading representations to appellee in Texas.

## Analysis

■■■■ In this case, appellant, through its employees, never physically entered this state. Instead, its contacts with appellee in Dallas were through telephone and email communications and the sending of payments to appellee. None of these constitute a contact demonstrating purposeful availment. In *Olympia Capital Associates, L.P. v. Jackson*, 247 S.W.3d 399 (Tex.App.-Dallas 2008, no pet.), this Court concluded that communications through telephone and email regarding negotiation and performance of a contract between Texas plaintiffs and a foreign defendant were not contacts of the foreign defendant with Texas. *Id.* at 417; *see also id.* at 418 ("The existence of a contract between the nonresident defendant and a resident of the forum and engaging in communications related to the execution and performance of that contract are insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant."). In *Michiana*, the supreme court rejected telephone calls as evidence of purposeful availment:

> [C]hanges in technology have made reliance on phone calls obsolete as proof of purposeful availment. While the ubiquity of "caller ID" may allow nonresidents to know a caller's telephone number, that number no longer necessarily indicates anything about the caller's location. If jurisdiction can be based on phone conversations "directed at" a forum, how does a defendant avail itself of any jurisdiction when it can never know where the other party has forwarded calls or traveled with a mobile phone?

*Michiana*, 168 S.W.3d at 791. The same reasoning has been applied to email:

> Like telephone calls, emails do not necessarily indicate anything to the recipient about the sender's location. The physical address where one may send or retrieve an email is no more fixed to a particular location than the address where one may send or receive a telephone call. We see no reasoned basis for distinguishing between the two means of communication, particularly when many of the same devices can be used for both.

*Riverside Exports, Inc. v. B.R. Crane & Equip., LLC*, No. 362 S.W.3d 649, 655 (Tex.App.-Houston [14th Dist.] 2011, pet. denied); *see also Alenia Spazio, S.p.A. v. Reid*, 130 S.W.3d 201, 213 (Tex.App.-Houston [14th Dist.] 2003, pet. denied) ("numerous telephone and facsimile communications with people in Texas relating to an alleged contract do not establish minimum contacts"). Likewise, fraudulent or negligent misrepresentations made through electronic media do not establish specific jurisdiction. *See Michiana*, 168 S.W.3d at 791–92. Sending payments to Texas does not establish minimum contacts. *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 344 (5th Cir.2004) ("this Court has repeatedly held that the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary

to support the exercise of specific personal jurisdiction over the nonresident defendant"); *Alenia Spazio,* 130 S.W.3d at 213 ("sending funds to Texas is not determinative" of the minimum-contacts requirement).

Appellee also alleged as a contact the fact that appellee performed the "vast majority" of the work under the contract in Texas. However, appellee's partial performance in Texas was a unilateral action by appellee, not appellant, and it cannot be considered a contact by appellant with Texas. *See Michiana,* 168 S.W.3d at 787; *see also Haddad v. ISI Automation Int'l, Inc.,* No. 04–09–00562–CV, 2010 WL 1708275, *5 (Tex.App.-San Antonio Apr. 28, 2010, no pet.) (mem. op.) (electronic-media-system designer's performance of work in Texas for Mexican client was designer's contact, not client's); *Tabor, Chhabra & Gibbs, P.A. v. Medical Legal Evaluations, Inc.,* 237 S.W.3d 762, 774 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (decision of plaintiff, a Texas medical expert witness suing a Mississippi law firm, to perform in Texas most of his preparations for underlying medical-malpractice trial held in Mississippi was unilateral decision of plaintiff).

Moreover appellant did not "seek some benefit, advantage, or profit by 'availing' itself of the jurisdiction." *Michiana,* 168 S.W.3d at 785. Instead, appellant's "availing" was for the purpose of building its restaurants in Kansas, not for reaping a profit or obtaining a benefit or advantage in Texas.

 Appellee framed its jurisdictional facts in terms of appellant's knowledge of appellee's residence and partial performance in Texas and its knowledge that the payments were due in Texas. However, if the acts themselves fail to establish minimum contacts and purposeful availment, the defendant's knowledge of the relation-

ship to Texas will not make the defendant amenable to jurisdiction. In *Michiana,* the plaintiff ordered an RV from an Indiana company that did not market or regularly sell its products in Texas. *Michiana,* 168 S.W.3d at 784. The plaintiff later sued the company for breach of contract and fraud. After an extensive analysis, the supreme court concluded the Indiana company's only contact with Texas was the Texas plaintiff's decision to place his order from Texas, which was insufficient to warrant the imposition of jurisdiction over the company. *Id.* at 794. The court never stated that the company's knowledge that (1) the plaintiff lived in Texas, (2) the RV would be shipped to Texas, and (3) that any damages would occur in Texas affected the minimum-contacts and purposeful-availment analyses. However, that knowledge was the basis of the dissenting opinion in *Michiana,* which indicates the majority rejected that position. *See id.* at 794, 796 (Medina, J., dissenting).

We conclude the trial court erred by denying appellant's special appearance. We sustain appellant's first issue. Accordingly, we need not address appellant's second issue contending the trial court erred by denying appellant a hearing on its special appearance.

## CONCLUSION

We conclude appellant lacked sufficient minimum contacts with Texas to support the trial court's exercise of personal jurisdiction over appellant. We reverse the trial court's order denying appellant's special appearance, and we render judgment dismissing the cause for want of jurisdiction.