ACCEPTED
03-15-00497-CV
8018196
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/30/2015 3:54:45 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00497-CV

**IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS,
AT AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/30/2015 3:54:45 PM
JEFFREY D. KYLE
Clerk

KAREN E. LANDA,
Appellant

v.

CHARLES L. FARRIS,
Appellee.

On Appeal from the 98th Judicial District Court, Travis County
Honorable Judge Triana Presiding

## REPLY BRIEF OF APPELLANT

**HANCE SCARBOROUGH LLP**
Terry L. Scarborough
State Bar No. 17716000
TScarborough@hslawmail.com
V. Blayre Pena
State Bar No. 24050372
BPena@hslawmail.com
400 W. 15th Street, Ste. 950
Austin, TX 78701
Telephone: (512) 479-8888
Facsimile: (512) 482-6891
**ATTORNEYS FOR APPELLANT
KAREN E. LANDA**

**ORAL ARGUMENT REQUESTED**

# I.    TABLE OF CONTENTS

I.     TABLE OF CONTENTS …………………………………………….…..ii

II.    INDEX OF AUTHORITIES …………………………………………...iii, iv

III.   INTRODUCTION ………………………………………………….……….1

IV.    ARGUMENT AND AUTHORITIES……...…………………….……….1

      A.    Landa preserved error as to the trial court's ruling on whether Farris met his initial burden to bring her under the Texas long-arm statute.…………………………………………………………………...1

      B.    Landa did not waive the trial court's error as to finding that it had specific jurisdiction over her (Issue2) ……….....................................4

      C.    There was not sufficient evidence in the record to support the trial court's ruling that it had specific jurisdiction over Landa.……………7
           i.    Meeting in Dallas………………………………………………8
           ii.    Subsequent communications between the parties……………...9
           iii.    Striking Farris' name from the deed…………………………10
           iv.    The May 2012 check………………………………………10
           v.    Farris Being a Resident of Texas…………………………..11
      D.    Landa did not waive the trial court's error as to finding that it had general jurisdiction over her (Issue 3)……………………………12
      E.    There is not legally sufficient evidence to support a finding of general jurisdiction, and Farris completely ignored the controlling precedent in his response……………………………………………………13

V.     CONCLUSION……………………………………………………..15

CERTIFICATE OF COMPLIANCE.…………………………………...17

CERTIFICATE OF SERVICE …………………………………..….……18

## II.    INDEX OF AUTHORITIES

*Cases*

*Bullock v. Am. Heart Ass'n*, 360 S.W.3d 661, 665 (Tex. App.—Dallas 2012, pet. denied) .........................................................................................................5

*C & H Transportation Co. v. Jensen & Reynolds Construction Co.*, 719 F.2d 1267, 1270 (5th Cir. 1983), *cert. denied*, 466 U.S. 945, 104 S. Ct. 1930 (1984) ..........11

*Daimler AG v. Bauman*, 2014 132 S. Ct. 746, 751 (2014).....................................13

*Ennis v. Loiseau*, 164 S.W.3d 698, 704-05 (Tex. App.—Austin 2005, no pet.).......2

*Flores v. Star Cab Coop. Ass'n*, 2008 Tex. App. LEXIS 6582, *7 (Tex. App.—Amarillo 2008, pet. denied) (mem. op.) ................................................................5

*Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 344 (5th Cir. 2004) ...........9

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). ......................................................................................................................13

*Haddad v. ISI Automation Int'l, Inc.*, 2010 Tex. App. LEXIS 3151 (Tex. App.—San Antonio 2010, no pet.).....................................................................................12

*Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986).................. 9, 11

*Int'l Turbine Serv., Inc. v. Lovitt*, 881 S.W.2d 805, 809-10 (Tex. App.—Fort Worth 1994, writ denied)...............................................................................................14

*Kastner v. Gutter Mgmt.*, 2010 Tex. App. LEXIS 8868, *30 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (mem. op.) .........................................................5

*KC Smash 01, LLC v. Gerdes, Hendrichson, Ltd., L.L.P.*, 384 S.W.3d 389, 394 (Tex. App.—Dallas 2012, no pet.) .......................................................... 8, 11,12

*Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 787 (Tex. 2005)..8, 11

*Moni Pulo, Ltd. v. Trutec Oil & Gas, Inc.*, 130 S.W.3d 170 (Tex. App—Houston [14th Dist.] 2003, pet. denied)..........................................................................15

*Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985) .............................11

iii

*Save Our Springs Alliance, Inc. v. Lazy Nine Mun. Util. Dist.*, 198 S.W.3d 300,
323, 324 (Tex. App.—Austin 2006, pet. denied) ...................................................5

## III.   INTRODUCTION

The Trial Court's order denying Landa's special appearance should be reversed for the reasons stated in Appellant's brief, which Appellee failed to adequately rebut for multiple reasons. First, Landa has not waived any errors. As to Farris' argument regarding having pleaded sufficient facts to bring Landa under the Texas Long-Arm Statute, Landa stands on her original Brief, which sets forth in detail why the trial court erred in finding Farris' pleadings sufficient.[1]

As to the substantive arguments made by Farris in his Response Brief regarding Issues 2 and 3, Farris pointed to no evidence supporting the trial court's ruling that it has either specific or general jurisdiction over Landa. Finally, as to general jurisdiction, Farris completely ignored the controlling precedent which clearly established that the trial court did not have general jurisdiction over Landa.

## IV.   ARGUMENT AND AUTHORITIES

**A.**   **Landa preserved error as to the trial court's ruling on whether Farris met his initial burden to bring her under the Texas long-arm statute.**

Farris contended that Landa waived any error as to the Trial Court's ruling on the sufficiency of the jurisdictional allegations in his pleading.[2]   "As a prerequisite to presenting a complaint for appellate review, the record must show, that 1) the complaint was made to the trial court by a timely request, objection, or

---

[1] Appellant's Brief pp. 8-10.
[2] Appellee's Response Brief p. 19.

1

motion that A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint . . . and 2) the trial court ruled on the request, objection, or motion, either expressly or implicitly. . . ." Tex. R. App. P. 33.1(a).  The record in this case shows that Landa met all of these prerequisites.

First, the proper method to challenge jurisdictional pleadings is with a special appearance. *Ennis v. Loiseau*, 164 S.W.3d 698, 704-05 (Tex. App.—Austin 2005, no pet.) ("If a defendant wishes to challenge jurisdictional pleadings on the ground that such party or property is not amenable to process issued by the courts of this State, then his proper tool is a special appearance.").  Farris conceded this point in his response.[3]

In this case, Landa filed a Special Appearance challenging the jurisdictional allegations made by Farris, thus making the complaint to the trial court, wherein she stated that she was "not amenable to process issued by the courts of Texas" and then listed multiple reasons why the trial court did not have personal jurisdiction over her, all of which were challenges to Farris' jurisdictional allegations.[4]

Landa also raised this issue in the hearing on this matter.  Early in the hearing, counsel for Landa had this exchange with the Trial Court:

---

[3] Appellee's Response Brief pp. 20-21.
[4] CR pp. 9-12.

2

| | |
|---|---|
| **Mr. Scarborough:** | All right. Your Honor, as Mr. Cronfel and I have discussed in this case, the burden – initial burden is on him to plead sufficient facts. The Texas Supreme Court in the *Kelly* case in 2010 says, if – and that's a determination for the Court. If he has not and we've proved that she is – the defendant is a resident of another state, which she is, in Iowa, that that's the end of the case. Now, what I've told Mr. Cronfel is this: I've assumed that the Court would either find that the pleadings are sufficient, or would carry that along, and that the burden immediately shifts to the defendant to prove and negate the facts of the case. So I want to make a short opening statement before we go any further. |
| **The Court:** | Are you okay with that, Mr. Ochoa-Cronfel? |
| **Mr. Ochoa-Cronfel:** | Yes, ma'am. |
| **The Court:** | Okay.  Go ahead.[5] |

The parties then proceeded with opening statements, after which Mr. Ochoa-Cronfel specifically asked for a ruling on the issue:

| | |
|---|---|
| **Mr. Ochoa-Cronfel:** | Your honor, one housekeeping matter: I'm assuming, because we're proceeding in this manner, that the Court is – has taken the position that our pleadings meet the initial burden? |
| **The Court:** | Correct. |
| **Mr. Ochoa-Cronfel:** | Correct.  Thank you very much, Your Honor. |
| **The Court:** | I mean, I think that Mr. Scarborough pretty much granted that. |
| **Mr. Scarborough:** | Actually, what I said was I assume the Court would either grant it or carry it along.  And as I've not hear on the record a ruling on that, so I'm assuming you're carrying it. |
| **The Court:** | Okay.  I'll carry it on.  But I'm assuming that you've met that.[6] |

---

[5] RR pp. 8-9.

[6] RR pp. 31-32.

Thus, Landa not only raised this issue in her Special Appearance, but also during the hearing. Counsel for Farris clearly recognized that this issue had been presented to the Trial Court, because he asked if it had been ruled on. To now argue to the contrary is disingenuous.

Additionally, even if the record did not reflect an express ruling by the Trial Court, error was also preserved by the implicit ruling of the Trial Court. Tex. R. App. P. 33.1(a)(2)(A). In this instance, in denying Landa's Special Appearance the Trial Court implicitly ruled that Farris met his burden because if the Trial Court had not believed it was sufficiently pleaded, the fact that Landa is a not a Texas resident would have defeated personal jurisdiction.

For these reasons, Landa did not waive error as to the sufficiency of Farris' pleadings. Because Farris failed to meet his initial burden, as set forth in Landa's Initial Brief, her special appearance should have been granted. The Trial Court committed reversible error in failing to do so.

**B.     Landa did not waive the trial court's error as to finding that it had specific jurisdiction over her (Issue 2).**

As a red herring to shift the focus away from the merits, Farris argued that Landa waived this point of error because it was not adequately briefed as required by Tex. R. App. P. 38.1(h). Rule 38.1(h) states that "The brief must contain a succinct, clear, and accurate statement of the arguments made in the body of the

4

brief. This summary must not merely repeat the issues or points presented for review." In construing this Rule, the Austin Court of Appeals opined that:

> The standard for whether an issue has been adequately briefed should not be rigid or draconian. Under certain circumstances, a single case may prove to be appropriate citations to authorities and to the record. Whether an issue has been adequately briefed depends on the complexity of the issue and the extent courts have addressed the issue.

*Save Our Springs Alliance, Inc. v. Lazy Nine Mun. Util. Dist.*, 198 S.W.3d 300, 324 (Tex. App.—Austin 2006, pet. denied) (quotations and citations omitted). Further, this Rule must be applied in conjunction with Tex. R. App. P. 38.9, which requires the Court to construe all briefs liberally. *See, e.g., Flores v. Star Cab Coop. Ass'n*, 2008 Tex. App. LEXIS 6582, *7 (Tex. App.—Amarillo 2008, pet. denied) (mem. op.).

In looking at cases where Rule 38.1(h) has been invoked, the common thread is often that the brief in question contained little to no citations to authority, no citations to the record, and little to no substantive analysis of the issues. *See, e.g., Bullock v. Am. Heart Ass'n*, 360 S.W.3d 661, 665 (Tex. App.—Dallas 2012, pet. denied) (Appellant failed to cite legal authority or provide substantive analysis of the legal issue presented); *Kastner v. Gutter Mgmt.*, 2010 Tex. App. LEXIS 8868, *30 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (mem. op.) (Appellant did not provide legal authority, citations to the record, or analysis in support of his argument); *Save Our Springs Alliance*, 198 S.W.3d at 323 ("SOS'

5

brief contains a single paragraph concerning the separation of powers argument, fails to cite any standards, fails to apply the separation of powers doctrine to the facts of this case, includes no citation to the record, and cites only one case, *Corzelius*, relevant to the separation of powers doctrine.").

Landa's Brief is more than adequate in briefing this point. First, the standard of review was set forth clearly and succinctly with citations to the appropriate authority.[7] Next, Landa's Brief devoted six pages to briefing and analyzing why it was error for the trial court to have found that it had specific jurisdiction over Landa and included citations to ten different cases as authority.[8]

Landa's Brief also contained ample citations to the record in support of her argument, contrary to Farris' argument that Landa failed to "cite to or analyze any of the evidence considered by the trial court that would tend to support its implied findings of fact" and that she only provided "three (3) citations to the reporter's record which ostensibly support her desired interpretation of the evidence, as opposed to addressing how the evidence fail[ed] to support the trial court's implied findings."[9] Specifically, Landa's Statement of the Facts, which served as the factual authority for Landa's Brief, was extensively cited, and contained thirty-nine

---

[7] Appellant's Brief pp. 7-8.
[8] *Id.*, at pp. 10-15.
[9] Appellee's Response Brief p. 24.

6

citations to either the Reporter's Record or the Clerk's record.[10] Relying on those citations to the records, Landa's Brief analyzed and explained how the evidence presented was not legally sufficient to support the trial court's finding of specific jurisdiction. Accordingly, Landa adequately briefed her argument that the trial court committed reversible error in holding that it had specific jurisdiction over Landa, and this issue is ripe for appellate review.

**C.    There was not sufficient evidence in the record to support the trial court's ruling that it had specific jurisdiction over Landa.**

In arguing that the evidence supported the court's finding that it had specific jurisdiction, Farris pointed to numerous "facts" that he believed supported the trial court's decision.[11] Without addressing each citation or point of evidence individually, they can generally be sorted into the following categories: (1) the parties' meeting in Dallas; (2) subsequent communications between the parties concerning the transaction; (3) the striking of Farris' name from the deed; (4) Landa giving Farris a check in May, 2012; and (5) that Farris lived in Texas during all times relevant to this matter. However, none of these facts establish that Landa purposefully availed herself of conducting business in Texas.

---

[10] Appellant's Brief pp. 1-6.
[11] Appellee's Response Brief pp. 28-34.

### i.    Meeting in Dallas

First, at to the meeting in Dallas, it was Landa's testimony that Farris originally wanted to meet in Iowa, but upon learning that he would have to stay in a hotel, Farris suggested that they meet in Dallas instead.[12]  At no point during his testimony did Farris contradict that it was his idea to meet in Dallas.  Thus, the meeting in Dallas was a result of Farris' actions, and was not an instance of Landa trying to "seek some benefit, advantage, or profit" by availing herself of Texas. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 787 (Tex. 2005).

Additionally, it was Farris' testimony that 1) the purpose of the meeting was for the parties to spend time together, 2) there was no agenda, and 3) the focus was just to get together and enjoy each other's company and have a good time.[13]  Even had the purpose of the meeting been exclusively to discuss the money, it would not have been an attempt by Landa to avail herself of the jurisdiction, as the benefit being sought concerned purchasing a house in Iowa.  *See KC Smash 01, LLC v. Gerdes, Hendrichson, Ltd., L.L.P.*, 384 S.W.3d 389, 394 (Tex. App.—Dallas 2012, no pet.) ("Appellant's 'availing' was for the purpose of building its restaurants in Kansas, not for reaping a profit or obtaining a benefit or advantage in Texas.").

---

[12] RR pp. 49-50.
[13] RR pp. 115-17.

Finally, as set forth in Landa's Brief, as a matter of law, no contract was formed while the parties were in Dallas.[14] Thus, nothing in the evidence regarding the meeting in Dallas could support a finding of purposeful availment by Landa.

### ii.    Subsequent communications between the parties

Farris also argued that the parties' subsequent communications about the money and transaction after the house had been purchased supported the trial court's decision.[15] For example, Farris asked Landa to send him a copy of the closing documents.[16] Farris is attempting to use this as an example of Landa purposefully availing herself of the forum.[17] He also cited to other instances of the money coming up in conversation between the parties,[18] although the record is silent as to who initiated most of the communications. Regardless of who initiated the conversations, numerous courts have held that engaging in communications related to the execution and performance of a contract, and the existence of a contract between a nonresident and resident of a forum, is insufficient to establish the minimum contacts necessary to support the exercise of specific jurisdiction. *See Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 344 (5th Cir. 2004); *See also, e.g., Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (finding no specific jurisdiction over nonresident defendant where nonresident

---

[14] Appellant's Brief pp. 14-15.
[15] Appellee's Response Brief pp. 28-29.
[16] *See, e.g.,* RR pp. 68 and 103-04.
[17] Appellee's Response p. 28, n. 7.
[18] *Id.*

9

defendant entered into a contract with a Texas resident, sent an agreement and checks to Texas, and engaged in extensive telephonic and written communications with plaintiff in Texas).  Accordingly, that there were communications between the parties after the transaction does not constitute evidence of purposeful availment.

### iii.    Striking Farris' name from the deed

Farris further argued that the act of striking his name from the deed somehow constituted an actionable tort in Texas, so as to convey specific jurisdiction.  First, there is no evidence that Landa had anything to do with the striking of his name, and Farris even admitted that he had no knowledge of who struck his name.[19]  Second, there is no evidence of who struck the name or where they struck it. The implication, however, is that Farris' name was struck in Iowa, since the act occurred prior to him receiving the documents in Texas.[20] As such, there is no evidence that the action/tort occurred in Texas, and thus it cannot serve as a basis for specific jurisdiction over Landa.

### iv.    The May 2012 check

The fact that Landa paid Farris $15,000 has no bearing as to whether she purposefully availed herself of doing business in Texas.  First, the $15,000 check was not a repayment to Farris.[21]  Second, as testified to by both Farris and Landa,

---

[19] RR p. 120.
[20] RR pp. 54-56;
[21] RR p. 57.

the purpose of the trip during which the check was given to Farris was for a completely unrelated purpose, that was, to attend a birthday party.[22]  Third, even if Landa had flown to Texas expressly to pay Farris the check, and even if she considered it a repayment, that action would not constitute purposeful availment. *See Holt Oil & Gas*, 801 F.2d at 778 ("Given that the material performance occurred in Oklahoma, the fact that Harvey mailed payments to Texas does not weigh heavily in our determination.");  *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985) (all material performance occurred in Mexico despite the wiring of payments to Texas); *C & H Transportation Co. v. Jensen & Reynolds Construction Co.*, 719 F.2d 1267, 1270 (5th Cir. 1983), *cert. denied*, 466 U.S. 945, 104 S. Ct. 1930 (1984) (fact that payment mailed to Texas is hardly significant in terms of purposeful availment).

### v.    Farris being a resident of Texas

Farris also repeatedly argued that evidence of his "performance" in Texas and that Landa knew he resided in Texas supported the trial court's ruling. However, Farris' performance of his obligations is a unilateral action by him, not Landa, and thus cannot be considered a contact by Landa with Texas.  *See Michiana*, 168 S.W.3d at 787; *KC Smash*, 384 S.W.3d at 389; *Haddad v. ISI Automation Int'l, Inc.*, 2010 Tex. App. LEXIS 3151 (Tex. App.—San Antonio

---

[22] RR pp. 57-58 and 108.

11

2010, no pet.) (mem. op.) (Designer's performance of work in Texas for Mexican client was designer's contact, not client's). Similarly, Landa's knowledge that Farris resided in Texas does not serve to make her amenable to jurisdiction in Texas. *See KC Smash*, 384 S.W.3d at 389.

What is important to take from all of this is that Farris' primary argument for specific jurisdiction rested on the mere fortuity that he happened to be a resident of Texas, not on any example of Landa purposefully availing herself of the forum. That is because there is no evidence in the record of Landa purposefully availing herself, and thus there is no legally sufficient basis for the trial court's finding of specific jurisdiction.

## D. Landa did not waive the trial court's error as to finding that it had general jurisdiction over her (Issue 3).

As with her second point of error, Farris' once again argued that Landa waived this point of error because it was inadequately briefed. However, a review of Landa's Brief establishes that this point of error was more than adequately briefed.

First, the standard of review is set forth with proper citation.[23] In briefing this point, Landa devoted three pages of her Brief and cited to eight different authorities supporting and analyzing her argument.[24] Again, in arguing that this

---

[23] Appellant's Brief pp. 7-8.
[24] Appellant's Brief pp. 16-18.

12

issue is inadequately briefed, Farris' missed the point that the argument relied on those citations contained in the Statement of Facts, as well as those in the argument, in showing that there was legally insufficient evidence to support a finding of general jurisdiction when applying the correct precedential law. As such, Landa did not waive her claim that the trial court erred in finding general jurisdiction, and it is ripe for appellate review.

**E.      There is not legally sufficient evidence to support a finding of general jurisdiction, and Farris completely ignored the controlling precedent in his response.**

In arguing that the evidence supported the trial court's finding of general jurisdiction, Farris completely ignored the controlling law on the subject, instead citing to older case law that has since been superseded by more recent rulings. Specifically, as pointed out at both the hearing on this matter[25] and in Landa's Brief,[26] two recent cases from the Supreme Court of the United States have made it clear that a finding of general jurisdiction is appropriate only in those instances where a defendant's affiliations are so constant and pervasive as to render it essentially at home in the forum state. *Daimler AG v. Bauman*, 2014 132 S. Ct. 746, 751 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). Farris also ignored numerous other recent cases cited to by Landa out of the Fifth Circuit, Southern District of Texas, and Corpus Christi

---

[25] RR pp. 14 and 131-32.
[26] Appellant's Brief pp. 16-17.

Court of Appeals following this precedent.[27]  Farris instead cited to older rulings that were issued before *Daimler* and *Goodyear* in support of his argument.

Even had he addressed the controlling cases, none of the evidence to which he cited supports a finding of general jurisdiction.  First, he pointed to the fact that Landa lived and worked in Austin for many years and that she came back for brief period from August 2013 to April 2014.[28]  That is not disputed.  However, an eight month period hardly constitutes systematic and continuous contact with Austin, when taken in context with the fact that she lived in Iowa at the time Farris sent Landa the money and filed the lawsuit, currently lives in Iowa, and has lived there for the vast majority of the past five years.[29]

Farris also pointed to the fact that Landa has a license with the Texas Department of Insurance.[30]  Landa does maintain a nonresident insurance license in Texas, but has not engaged in selling insurance in Texas since spring of 2014.[31]  Further, maintaining a non-resident license does not establish general jurisdiction over a defendant.  *See Int'l Turbine Serv., Inc. v. Lovitt*, 881 S.W.2d 805, 809-10 (Tex. App.—Fort Worth 1994, writ denied) (no general jurisdiction although defendants maintained Texas insurance license because only 0.2% of defendants' business was performed in Texas).

---

[27] Appellant's Brief p. 17.
[28] Appellee's Response Brief pp. 36-37.
[29] RR pp. 37-39, 42 and 60
[30] Appellee's Response Brief p. 37.
[31] RR p. 35 and 44-46.

Farris also argued that Landa being a beneficiary of a martial trust located in Texas supported a finding of general jurisdiction.[32] However, the evidence showed that the trust was created as a result of Landa's deceased husband's will, not by her, and there was no evidence that Landa chose to have the trust located in Texas.[33] This does not constitute a systematic and continuous contact with the forum. *See Moni Pulo, Ltd. v. Trutec Oil & Gas, Inc.*, 130 S.W.3d 170 (Tex. App—Houston [14th Dist.] 2003, pet. denied).

Ultimately, Farris pointed to no evidence which would be legally sufficient to support a general jurisdiction finding by the trial court, particularly in light of the *Daimler* and *Goodyear* cases, and the reason is because the record is absent of such evidence. Instead, he pointed to the fact that Landa used to live in Austin, and that since leaving over five years ago, she has only had a couple of intermittent contacts with the forum. These isolated contacts do not render Landa at home in the forum, and as such the trial court erred in finding general jurisdiction.

## v.    CONCLUSION

As established herein, Farris did not waive any of her points of error. Further, Farris cited to no evidence or authority which controverted the fact that the trial court erred in finding that Farris pleaded sufficient facts to bring Landa under the Texas long-arm statue. Similarly, Farris' Response failed to point to

---

[32] Appellee's Response Brief p. 37.
[33] RR p. 84.

15

evidence, which could support a finding that Landa purposefully availed herself of doing business in the forum. Further, he failed to point to any evidence showing that Landa's intermittent contacts with the forum rise to such a systematic and continuous level as to render her at home in the forum.

Accordingly, the trial court should have found that it does not have personal jurisdiction over Landa, and granted her Special Appearance. The failure to do so constitutes reversible error. Accordingly, Landa requests that the court reverse the Trial Court's order denying Landa's Special Appearance, and dismiss this case in its entirety. Landa requests such other and further relief to which she may be entitled.

Respectfully submitted,

HANCE SCARBOROUGH, LLP
400 W. 15th Street, Ste. 950
Austin, Texas 78701
Telephone: (512) 479-8888
Facsimile: (512) 482-6891

By: /s/ Terry L. Scarborough
    Terry L. Scarborough
    State Bar No. 17716000
    tscarborough@hslawmail.com
    V. Blayre Pena
    State Bar No. 24050372
    bpena@hslawmail.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4, I hereby certify that this brief contains 3745 words. This is a computer generated document created in Microsoft Word, using 14 point typeface for all text, except for footnotes, which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ Terry L. Scarborough
Terry L. Scarborough

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Appellants' Reply Brief was served on the following counsel of record on November 30, 2015, via certified mail, return receipt requested, and/or the electronic filing system:

**Counsel for Charles L. Farris**
The Cronfel Firm
Guillermo Ochoa-Cronfel
2700 Bee Cave Rd.
Austin, Texas 78746
(512) 347-9600 Phone
(512) 347-9911 Fax

/s/ Terry L. Scarborough
Terry L. Scarborough