**REVERSE AND RENDER; Opinion Filed April 5, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-01206-CV

**BLAKE DEUSER AND OLD OAKS OUTFITTER, LLC, Appellants**
**V.**
**ROSS SPAIN, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-03417**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Kennedy
Opinion by Justice Kennedy

In this accelerated appeal, Blake Deuser and Old Oaks Outfitter, LLC ("Old Oaks") appeal the trial court's order denying their special appearance. In two issues, appellants argue the trial court erred by concluding they are subject to personal jurisdiction in Texas. We reverse the trial court's order and render judgment granting the special appearance and dismissing appellee Ross Spain's claims against Deuser and Old Oaks. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Deuser is an individual resident of the State of Indiana and the sole member of Old Oaks a limited liability company formed in Indiana, which contracts with individuals to hunt animals in Indiana. Appellants and Spain entered into a contract whereby Spain agreed to provide marketing services and social media assistance to Old Oaks in exchange for a monthly fee, as well as a percentage of commissions from hunts sold through Spain's services.

On March 29, 2022, Spain filed suit against Deuser and Old Oaks, asserting they had breached the contract by failing to fully compensate him for the services he provided.[1] With respect to personal jurisdiction, Spain alleged that Old Oaks was doing business in Texas and that the contract at issue was with him, a Texas resident, and was to be performed in whole or in part in Texas. In July, appellants filed their special appearance, asserting they were nonresidents who had not performed any business in Texas and other arguments to contest the trial court's exercise of jurisdiction over them. Soon thereafter, Spain filed an amended petition and a response to appellants' special appearance, still asserting that because appellants entered into a contract with him, a Texas resident, to perform services in Texas, the trial court has personal jurisdiction over them. Spain attached to the response his declaration and a copy of the contract at issue. Appellants filed an amended special

---

[1] Another individual and another business entity were parties to the contract and were named as defendants in Spain's original petition, but he removed them from his amended petition, and they are not parties to this appeal.

–2–

appearance to which they attached Deuser's declaration. After conducting a hearing, the trial court denied the special appearance.[2] This accelerated appeal followed.

## DISCUSSION

### I. Law and Standard of Review of Special Appearance

Whether a trial court has personal jurisdiction over a nonresident defendant is a question of law that appellate courts review de novo. *See Steward Health Care Sys. LLC v. Saidara*, 633 S.W.3d 120, 125 (Tex. App.—Dallas 2021, no pet.) (en banc) (citing *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018)). When a trial court does not issue findings of fact and conclusions of law with its special appearance ruling, all facts necessary to support the judgment and supported by the evidence are implied. *Id.* When the appellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be challenged for legal and factual sufficiency in the appropriate appellate court. *Id.* at 125–26. (citing *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002)). When the relevant facts in a case are undisputed, an appellate court need not consider any implied findings of fact and considers only the legal question of

---

[2] The docket indicates the trial court conducted a hearing on the special appearance, but the court reporter notified this Court that appellants had not requested the reporter's record. Appellants notified this Court by letter that no evidence was offered at the hearing and that they concluded the record was not necessary to the resolution of this appeal. Nothing else in the record or the trial court's order contradicts appellants' assertion that the hearing was non-evidentiary. *See Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 783 (Tex. 2005) ("appellate courts should presume that pretrial hearings are nonevidentiary, and that the trial court considered only the evidence filed with the clerk").

–3–

whether the undisputed facts establish Texas jurisdiction. *See id.* at 126 (citing *Old Republic*, 549 S.W.3d at 558).

Courts have recognized two types of personal jurisdiction: "general" jurisdiction and "specific" jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017). For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home. *See id.* A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State. *See id.* But "only a limited set of affiliations with a forum will render a defendant amenable to" general jurisdiction in that State. *See id.*

Here, the court did not specify which type of jurisdiction it found. In neither his first amended petition, his response to the special appearance, nor his brief on appeal does Spain contest that the appellants are nonresidents. And, appellants provided evidence to support that assertion. Accordingly, we will limit our examination to whether the trial court erred by impliedly finding it had specific jurisdiction over appellants.

The plaintiff bears the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the Texas long-arm statute. *Saidara*, 633 S.W.3d at 126 (citing *Old Republic*, 549 S.W.3d at 559; *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 149 (Tex. 2013)). In order to meet its

burden, a plaintiff must show the act on which jurisdiction is predicated, not a prima facie demonstration of the existence of a cause of action. *Bruno's Inc. v. Arty Imports, Inc.*, 119 S.W.3d 893, 896–97 (Tex. App.—Dallas 2003, no pet.); *Clark v. Noyes*, 871 S.W.2d 508, 511 (Tex. App.—Dallas 1994, no pet.)). This minimal pleading requirement is satisfied by an allegation that the nonresident defendant is doing business in Texas or committed tortious acts in Texas. *See id.* (citing *Alencar v. Shaw*, 323 S.W.3d 548, 553 (Tex. App.—Dallas 2010, no pet.)). If the plaintiff does not meet this burden, the defendant need only prove that it does not reside in Texas to negate jurisdiction. *See Siskind v. Villa Found. for Educ., Inc.*, 642 S.W.2d 434, 438 (Tex. 1982); *Jani-King Franchising, Inc. v. Falco Franchising, S.A.*, No. 05-15-00335-CV, 2016 WL 2609314, at *4, (Tex. App.—Dallas May 5, 2016, no pet.) (mem. op.)).

Specific jurisdiction exists when (1) the defendant has "made minimum contacts with Texas by purposefully availing itself of the privilege of conducting activities [in the state]," and (2) the defendant's potential liability arose from or is related to those contacts. *In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 679 (Tex. 2022) (orig. proceeding) (quoting *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 576 (Tex. 2007)). To show purposeful availment, a plaintiff must prove that a nonresident defendant seeks a benefit, advantage, or profit from the forum market. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005)). Only the defendant's contacts are

relevant, not the unilateral activity of another party or third person. *See id.* And those contacts "must be purposeful rather than random, fortuitous, or attenuated." *Moncrief Oil*, 414 S.W.3d at 151, and quoting *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338–39 (Tex. 2009)).

## II.     Analysis

In two issues, appellants argue the trial court erred by denying their special appearance. They urge that the facts alleged by Spain are insufficient to establish they are subject to personal jurisdiction and that the exercise of jurisdiction over them offends traditional notions of fair play and substantial justice.

A plaintiff's petition satisfies the long-arm statute when it alleges the defendant did business, which includes "contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part" in Texas. *See* TEX. CIV. PRAC. & REM. CODE § 17.042(1); *see also Saidara*, 633 S.W.3d at 129. In this case, in his petition, Spain alleged Old Oaks is a limited liability company doing business in Texas and that both appellants contracted with Spain, a Texas resident, ". . . to perform the contract in whole or in part in Texas." These allegations are sufficient to meet Spain's initial pleading burden. *See Moki Mac*, 221 S.W.3d at 574. Thus, to the extent appellants' first issue challenges the sufficiency of Spain's pleading, we overrule it.

The burden shifted to appellants to negate all bases of personal jurisdiction alleged by Spain. *See Old Republic*, 549 S.W.3d at 559. One way appellants could

meet this burden is by showing that "even if the plaintiff's alleged facts are true, the evidence is legally insufficient to establish jurisdiction" or that "[appellants'] contacts with Texas fall short of purposeful availment." *See id.* (quoting *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 659 (Tex. 2010)).

In his declaration, Deuser offered statements regarding his and Old Oaks' respective contacts with Texas. Because their respective contacts differ, we will address each appellant's contacts in turn.

### A. Deuser

In his declaration, Deuser stated that, relative to the contract at issue, he acted "solely as an authorized agent of Old Oaks and not in any individual capacity." Additionally, the contract Spain included as an exhibit to his declaration includes his and Deuser's signatures, with Deuser identified as "Blake Deuser, Owner/Partner" of Old Oaks. If a person signs a contract in his corporate capacity, he is not individually a party to the contract. *See Wolf v. Summers-Wood, L.P.*, 214 S.W.3d 783, 792 (Tex. App.—Dallas 2007, no pet.) (citing *Hotel Partners v. Craig*, 993 S.W.2d 116, 121 (Tex. App.—Dallas 1994, pet. denied) ("When an agent arrives in Texas to represent his principal, only the principal is doing business in Texas."); *Mort Keshin & Co., Inc. v. Houston Chron. Pub. Co.*, 992 S.W.2d 642, 647 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ("When an agent negotiates a contract for its principal in Texas, it is the principal who does business in this state, not the agent."); *Vosko v. Chase Manhattan Bank, N.A.*, 909 S.W.2d 95, 99 (Tex. App.—

Houston [14th Dist.] 1995, writ denied) (jurisdiction over individual cannot be based on jurisdiction over corporation with which individual is associated unless corporation is alter ego of individual); *Ross F. Meriwether & Assocs., Inc. v. Aulbach,* 686 S.W.2d 730, 732 (Tex. App.—San Antonio 1985, no writ.) (because appellant negotiated contract "only in his corporate capacity as president" of company, appellant acted only in representative capacity, did not act or consummate any transaction in Texas, and did not individually do business in Texas)). Thus, we conclude the trial court lacked specific jurisdiction over Deuser.

Accordingly, we sustain appellants' second issue as to Deuser and will now address whether the trial court could exercise jurisdiction over Old Oaks.

### A.     *Old Oaks*

As part of their first issue, appellants argue the evidence does not support Spain's pleading that the contract was to be performed in whole or in part in Texas because the contract did not indicate that performance would take place in whole or in part in Texas. In their second issue, appellants argue Old Oaks does not have "minimum contacts" with Texas and did not "purposely avail" itself of the privilege of conducting business activities in Texas.

Merely contracting with a Texas resident does not satisfy the minimum contacts requirement. *See Internet Advert. Grp., Inc. v. Accudata, Inc.*, 301 S.W.3d 383, 389 (Tex. App.—Dallas 2009, no pet.) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)). To evaluate purposeful availment, we look to such

factors as prior negotiations, contemplated future consequences, terms of the contract and the parties' actual course of dealing to determine whether the defendant purposefully established minimum contacts with the forum. *See id.*

The evidence establishes that Spain initiated contact with the non-resident appellants and did so outside the state of Texas. In his declaration, Deuser stated Spain first approached Old Oaks at the World Deer Expo in Alabama, later contacted Old Oaks in Indiana, and traveled to Indiana to negotiate the contract at issue. Spain's declaration does not contradict these assertions. Accordingly, the pre-contract negotiations weigh against a conclusion of purposeful availment.

As for contemplated future consequences and the terms of the contract, these considerations also weigh against a conclusion of purposeful availment. According to Deuser's declaration, Old Oaks does not operate its hunts outside of Indiana, specifically excluded Texas from the targeted ads Spain ran for Old Oaks, did not intend to market its services to Texas or its residents, and instructed Spain as much. Additionally, as Old Oaks argues as part of its first issue, the contract itself does not require Spain's services to be performed in Texas and does not otherwise provide for a specific location at which the services are to be performed.

The evidence addressing actual course of dealing does not weigh in favor of purposeful availment either. Spain's declaration states he provided the contracted-for services from his residence in Texas, appellants were aware that he was a resident of and provided those services in Texas, and his invoices indicated payment to be

received in Texas because they included Spain's Texas bank address. But, these contacts with Texas are all the result of the unilateral action of Spain, not an action by either of the appellants. *See, e.g.*, *KC Smash 01, LLC v. Gerdes, Hendrichson, Ltd., L.L.P.*, 384 S.W.3d 389, 394 (Tex. App.—Dallas 2012, no pet.) (concluding plaintiff-architect's performance of work in Texas for defendant-restaurant franchisee was unilateral action by plaintiff-architect and "cannot be considered a contact by [non-resident defendant] with Texas").

Moreover, Old Oaks did not "seek some benefit, advantage, or profit by 'availing' itself of the jurisdiction." *See KC Smash 01*, 384 S.W.3d at 394 (quoting *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005)). The record contains no evidence that Old Oaks or Deuser sought any services from Spain because Spain lived in Texas or because Old Oaks sought any advantages under Texas law for contracting with a Texas resident. *See Brady v. Kane*, No. 05-18-01105-CV, 2020 WL 2029245, at *13 (Tex. App.—Dallas Apr. 28, 2020, no pet.) (mem. op.).

Similarly to the plaintiff in *KC Smash 01*, Spain framed the jurisdictional facts in terms of appellants' knowledge of his residence and performance in Texas and their knowledge that the payments were due in Texas. *See KC Smash 01*, 384 S.W.3d at 394. However, we conclude here as we did in *KC Smash 01*, that, if the acts themselves fail to establish minimum contacts and purposeful availment,

–10–

appellants' knowledge of Spain's relationship to Texas will not make them amenable to jurisdiction in Texas. *See id.*

Accordingly, we sustain appellants' first and second issues as to Old Oaks.

## CONCLUSION

We reverse the trial court's order denying appellants' special appearance and render judgment granting the special appearance and dismissing Spain's claims against appellants.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

221206F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BLAKE DEUSER AND OLD OAKS
OUTFITTER, LLC, Appellants

No. 05-22-01206-CV         V.

ROSS SPAIN, Appellee

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-03417.
Opinion delivered by Justice
Kennedy. Justices Carlyle and
Goldstein participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's order denying appellants' special appearance and **RENDER** judgment granting the special appearance and dismissing appellee ROSS SPAIN'S claims against appellants BLAKE DEUSER AND OLD OAKS OUTFITTER, LLC.

It is **ORDERED** that appellants BLAKE DEUSER AND OLD OAKS OUTFITTER, LLC recover their costs of this appeal from appellee ROSS SPAIN.

Judgment entered this 5th day of April 2023.