**Affirmed and Memorandum Majority and Concurring Opinions filed September 21, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00031-CV

---

**RDF AGENT, LLC, RELATED FUND MANAGMENT, LLC, AND BRIAN SEDRISH, Appellants**

**V.**

**ELECTRIC RED VENTURES, LLC, MANFRED CO. L.C., AND MONZER HOURANI, Appellees**

---

### On Appeal from the 129th District Court
### Harris County, Texas
### Trial Court Cause No. 2022-20609

---

## M E M O R A N D U M   C O N C U R R I N G   O P I N I O N

In this special appearance appeal, the court holds that RDF Agent, LLC, Related Fund Management, LLC, and Brian Sedrish engaged in sufficient minimum contacts with Texas to support the exercise of personal jurisdiction over them concerning appellees' claims. I agree that the trial court did not err in denying the special appearances, but only because appellees presented evidence

that appellants committed a tort in Texas. I am unable to join the majority opinion in full, but respectfully concur in the judgment, because the court suggests that a personal jurisdictional anchor exists in facts beyond the commission of the alleged tort.

As the majority opinion correctly observes, "doing business" in Texas includes contracting with a Texas resident when either party is to perform the contract in whole or in part in Texas and "committing a tort" in Texas. Tex. Civ. Prac. & Rem. Code § 17.042. The majority concludes that specific jurisdiction exists under the "committing a tort" prong because appellees alleged and presented evidence that Sedrish made a misrepresentation in Texas during a meeting to discuss an ultimately unsuccessful financing arrangement for an Arizona project. I agree that the trial court did not err in denying the special appearances on this basis.

However, the majority opinion also relies on a preliminary term sheet and related negotiations as support for the permissible exercise of specific jurisdiction.[1] The majority cites several facts unconnected to the alleged commission of the tort but heavily tethered to the term sheet. The opinion could lead a reader to believe that the court is holding that appellants purposefully availed themselves of the privilege of doing business in Texas based on the term sheet and the surrounding negotiations. I believe this is error.

One of the principal considerations in the purposeful availment analysis is whether the defendant sought some benefit, advantage, or profit by availing itself of the jurisdiction. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575

---

[1] The majority assumes the term sheet's validity, though it disclaims any expression of opinion on the matter. Based on the term sheet's plain language, however, only limited provisions were intended to be binding.

(Tex. 2007). In my view, the term sheet and surrounding discussions fail this part of the analysis because, by attempting to negotiate and arrive at a financing arrangement for a real estate investment in Arizona, the parties were not seeking to benefit or profit in Texas. *See id.*; *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005); *KC Smash 01, LLC v. Gerdes, Hendrichson, Ltd., L.L.P.*, 384 S.W.3d 389, 394 (Tex. App.—Dallas 2012, no pet.).

Additionally, of the entire term sheet, only a single clause reasonably could be said to have been inserted for the purpose of profiting in Texas: the right of first refusal provision relating to the Houston hotel. But the insertion of that clause into the term sheet by any of the appellants cannot support specific jurisdiction because that fact fails the "substantial connection" test—there exists no substantial connection between that clause or contact and the operative facts of the litigation. *See Moki Mac*, 221 S.W.3d at 585. None of appellees' allegations have any substantial connection to the right of first refusal provision.

For similar reasons, I also disagree with the majority's discussion on pages 14-15 of the majority opinion, where the court concludes that RDF Agent's contacts with Texas "extend well beyond the Term Sheet's right of first refusal." Again, the point of the term sheet and its surrounding discussions was to profit the parties by investing in a project in Arizona, not Texas. And the facts cited by the majority do not demonstrate the existence of any jurisdictional contacts by RDF Agent that supposedly "extend beyond the Term Sheet."

3

With these thoughts, I concur in the judgment.

_____/s/ Kevin Jewell_____
Kevin Jewell
Justice


Panel consists of Justices Jewell, Hassan, and Wilson (Hassan, J., majority).

4